# UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| G4S SECURE INTEGRATION LLC f/k/a G4S TECHNOLOGY LLC, a Delaware limited liability company, </br></br>  Plaintiff, </br></br>v. </br></br>EX2 TECHNOLOGY LLC, a Nebraska limited liability company, KYLE HILDEBRAND, an individual, MISTY STINE, an individual, JAMES KAWAMOTO, an individual, GREGORY BENAK, an individual, JAYSON SWOPE, an individual, JOEL MULDER, an individual and JAY JOREGENSEN, an individual. </br></br>  Defendants. | Case No. 1:17-cv-04277 </br></br>Judge Robert W. Gettleman </br>Magistrate Judge Maria Valdez </br></br>JURY TRIAL DEMANDED |

**NEBRASKA INDIVIDUAL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## I. INTRODUCTION

Plaintiff G4S Secure Integration LLC ("Plaintiff") filed suit against EX2 Technology LLC and certain employees of EX2 Technology LLC for misappropriation of trade secrets, among other claims. However, Plaintiff has utterly failed to plead facts sufficient to prove personal jurisdiction against EX2 Technology LLC's employees Kyle Hildebrand, Misty Stine, James Kawamoto, Gregory Benak, and Jayson Swope (collectively the "Nebraska Individual Defendants"). Indeed, the Nebraska Individual Defendants have no connection or contacts with the state of Illinois. Moreover, the Illinois Long Arm Statute does not reach to the Nebraska Individual Defendants because the fiduciary shield doctrine precludes assertion of personal jurisdiction in this instance. Thus, this court should dismiss the Plaintiff's Complaint with respect to the Nebraska Individual Defendants due to lack of personal jurisdiction.

## II. FACTUAL BACKGROUND

Plaintiff filed a Complaint against EX2 Technology LLC, Joel Mulder, Jay Jorgensen, and the Nebraska Individual Defendants (collectively "Defendants") in this Court on June 6, 2017. (Dkt. No. 1, hereinafter "Complaint"). In the Complaint, Plaintiff argued, *inter alia*, that this Court has personal jurisdiction over the Nebraska Individual Defendants pursuant to the Illinois Long Arm Statute, 735 ILCS 5/2-209. (Complaint at ¶¶ 40-41). Notably, Plaintiffs' allegations regarding personal jurisdiction over the Nebraska Individual Defendants are based entirely on alleged solicitation of G4S's customers in Illinois by EX2 Technology LLC. (*Id.*) Indeed, Plaintiff's Complaint admits that Nebraska Individual Defendants Hildebrand, Stine, Kawamoto, Benak, and Swope live and work in Nebraska, not Illinois. (Complaint at ¶¶ 29-38, 40-41). This is true, and besides living in greater Omaha none of the Nebraska Individual Defendants have any contacts with Illinois. (*See* Exs. A-E, Declarations of Kyle Hildebrand, Misty Stine, James Kawamoto, Gregory Benak, and Jayson Swope).

Plaintiff previously filed a complaint against EX2 Technology LLC, Kyle Hildebrand, Misty Stine, and James Kawamoto for the same alleged conduct that forms the basis of this Complaint.  (*See* Ex. F, Complaint in *G4S Tech. LLC v. Hildebrand, et al.*, Case No. CI 15-5517 (Douglas County, Nebraska) (hereinafter "the Nebraska Action").  The Nebraska Action has been pending for almost two years in the Nebraska state court and is currently slated for trial in October of 2017.   (Ex. G, Scheduling Order in the Nebraska Action).

## III.    THE APPLICABLE LAW

In accordance with Federal Rule of Civil Procedure 12(b)(2), a defendant may bring a motion to dismiss an action due to lack of personal jurisdiction prior to answering the Complaint. This is to ensure the Due Process Clause is not violated.

> The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its court.  Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  . . .   The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'"  For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.

*Walden v. Fiore*, 134 S.Ct. 1115, 1121-22 (2014) (citations omitted).  The Due Process inquiry looks at the contacts the defendant himself creates with the forum state, not contacts created by the plaintiff or third parties.  *Id.* at 1122.  Additionally, the court looks at the defendant's contacts with the state itself, not contacts with persons residing in the state.  *Id.*  And, it is the Plaintiff's burden to prove personal jurisdiction:

> "The plaintiff bears the burden of demonstrating personal jurisdiction. We first determine whether there are federal or state statutory grounds for personal jurisdiction, then see whether the state constitution bars such jurisdiction if it is based on a state statute, and finally determine if the exercise of jurisdiction over the defendant would be consistent with the federal Constitution."

2

*Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000) (citations omitted).

Additionally, Illinois recognizes the fiduciary shield doctrine, which "prevents personal jurisdiction over an individual whose contacts with Illinois are solely the result of acts as a representative or fiduciary of a corporation. Consequently, if [the defendant] acted solely in his representative capacity the claim against him must be dismissed for lack of personal jurisdiction." *Kula v. J.K. Schofield & Co.*, 668 F. Supp 1126, 1129 (N.D. Ill. 1987) (citations omitted). The fiduciary shield doctrine limits the application of the Illinois Long Arm Statute. *See Rollins v. Ellwood*, 565 N.E.2d 1302, 1314-15 (Ill. 1990).

> Thus, we find it to be unfair and unreasonable, under Illinois' due process clause and the tenets of our concept of the jurisdictional power of the Illinois courts, to assert personal jurisdiction over an individual who seeks the protection and benefits of Illinois law, not to serve his personal interests, but to serve those of his employer or principal. We decline to define our courts' jurisdictional power so broadly as to compel a nonresident such as Ellwood to defend himself in the courts of this State.

*Rollins*, 565 N.E.2d at 1318. The doctrine is equitable and discretionary, with fairness being the primary consideration. *Lakeview Tech., Inc. v. Vision Solutions, Inc.*, No. 05 C 7209, 2007 WL 79246 at *5 (N.D. Ill. Jan. 9, 2007).

**IV.    ARGUMENT**

Assertion of personal jurisdiction over the Nebraska Individual Defendants would violate the Due Process Clause because the Nebraska Individual Defendants have no contacts with Illinois. Moreover, Illinois law prohibits the assertion of personal jurisdiction under the Illinois Long Arm statute due to the fiduciary shield doctrine.

### A. The Nebraska Individual Defendants Do Not Have Minimum Contacts with Illinois

The only jurisdictional allegations regarding the Nebraska Individual Defendants' "contacts" with Illinois fail to allege the Nebraska Individual Defendants have any contacts with Illinois. In order to determine whether minimum contacts exist with a particular forum, the court must consider the relationship between "the defendant, the forum, and the litigation." *Walden*, 134 S.Ct. at 1121. These contacts must arise out of contacts the defendant himself created, and must be contacts with the forum state itself, not persons residing in the state. *Id.* at 1122. Moreover, the burden is on the Plaintiff to prove personal jurisdiction is appropriate. *Central States*, 230 F.3d at 939. However, instead of alleging the Nebraska Individual Defendants created actual contacts with Illinois, the Plaintiff relies on allegations regarding EX2 Technology LLC's actions and the Nebraska Individual Defendants' contacts with their co-workers who reside in Illinois. This is the type of jurisdictional line-blurring *Walden* disallows. This Court must have personal jurisdiction over each defendant individually. Plaintiff cannot simply lump everyone in together.

In particular, Plaintiff does not allege that the Nebraska Individual Defendants live, work, or actually did anything in Illinois. Instead, Plaintff's alleges the Nebraska Individual Defendants have contacts with Illinois only through their employer EX2 Technology LLC. In particular, Plaintiff alleges that the Nebraska Individual Defendants solicited Plaintiff's Illinois-based customers on behalf of their employer EX2 Technology LLC, but does not allege the Nebraska Individual Defendants live in Illinois or have any contacts with the state of Illinois. (Complaint at ¶¶ 29-38). That is because the Nebraska Individual Defendants have no contacts with Illinois. (*See* Exs. A-E, Declarations of Kyle Hildebrand, Misty Stine, James Kawamoto, Gregory Benak, and Jayson Swope). As discussed above, personal jurisdiction is based on the

defendant's contacts with the state, not another party or third party. *See Walden*, 134 S.Ct. at 1122. In light of the complete lack of contacts between the Nebraska Individual Defendants and Illinois, asserting personal jurisdiction over the Nebraska Individual Plaintiffs would "offend 'traditional notions of fair play and substantial justice'" and violate the Due Process Clause. *Walden*, 134 S.Ct. at 1121. This Court should grant the Nebraska Individual Defendants' motion and dismiss the Plaintiff's Complaint against them for lack of personal jurisdiction for that reason alone.

B. **The Fiduciary Shield Doctrine Precludes Personal Jurisdiction Over the Individual Defendants**

Additionally, assertion of personal jurisdiction over the Nebraska Individual Defendants via the Illinois Long Arm statute is precluded by the fiduciary shield doctrine. In accordance with the fiduciary shield doctrine, an out-of-state individual cannot be haled into an Illinois court because of actions performed in a representative capacity and not for personal gain. *Lakeview Tech.*, 2007 WL 79246 at *5. At best, Plaintiff has alleged that the Nebraska Individual Defendants have participated in tortious acts in Illinois on behalf of EX2 Technology LLC. (Complaint at ¶¶ 25-41). In such an instance, assertion of personal jurisdiction would be "unfair and unreasonable," because the Nebraska Individual Defendants were allegedly acting a representatives of EX2 Technology LLC and not for personal gain. *Rollins*, 565 N.E.2d at 1318; *Lakeview Tech.*, 2007 WL 79246 at *5. Moreover, Illinois does not recognize an exception to the fiduciary shield doctrine for alleged tortious conduct. *Rollins*, 565 N.E.2d at 1318. This Court should also dismiss Plaintiff's Complaint as to the all of the Nebraska Individual Defendants because the fiduciary shield doctrine prohibits personal jurisdiction under the Illinois Long Arm Statute against the Nebraska Individual Defendants.

Additionally, it would be particularly unfair to assert personal jurisdiction over Defendants Kyle Hildebrand, Misty Stine, and James Kawamoto because these defendants have already been sued in their home jurisdiction of Nebraska for the same alleged conduct that forms the basis of this Complaint.  (*See* Ex. F, Complaint in the Nebraska Action).  Plaintiff's claims against Defendants Hildebrand, Stine, and Kawamoto are already moving ahead in Nebraska, where these defendants live and work.  Indeed, the Nebraska Action is currently slated for trial in October 2017.  (Ex. G, Scheduling Order in the Nebraska Action).  Allowing Plaintiff to hale Defendants Hildebrand, Stine, and Kawamoto into a foreign court to start the process of re-litigating Plaintiff's claims all over again would be "unfair and unreasonable."

## V. CONCLUSION

For the reasons stated herein, this Court does not have personal jurisdiction over the Nebraska Individual Defendants.  Thus, Defendants Kyle Hildebrand, Misty Stine, James Kawamoto, Gregory Benak, and Jayson Swope respectfully request that this Court dismiss the Complaint with respect to Kyle Hildebrand, Misty Stine, James Kawamoto, Gregory Benak, and Jayson Swope for lack of personal jurisdiction.

Dated: June 13, 2017

Respectfully submitted,

By: /s/ Thomas G. Pasternak
Thomas G. Pasternak
Douglas A. Albritton
Robyn M. Bowland
James I. Zirkle
Akerman LLP
71 South Wacker Drive
46th Floor
Chicago, Illinois 60606
Tel. (312) 634-5700
Fax. (312) 424-1900
thomas.pasternak@akerman.com
douglas.albritton@akerman.com

robyn.bowland@akerman.com
james.zirkle@akerman.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2017, the foregoing **NEBRASKA INDIVIDUAL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

>*/s/ Thomas G. Pasternak*
>Thomas G. Pasternak